# 618 DECISIONS IN CASES NOT REPORTED.

## First Department, May Term, 1895.

**James Saxton, Respondent, v. The Manhattan Railway Company and Another, Appellants.**—Judgment modified by reducing fee damage to $1,500 and rental damage to $100 per year and affirmed as modified, without costs. No opinion.

**The People of the State of New York, Respondent, v. John V. Alexander, Appellant.**—Judgment affirmed.—

PARKER, J.: The defendant was convicted of grand larceny in the second degree in the Court of General Sessions of the Peace in June, 1894. The articles for the stealing of which he was convicted consisted of a traveling rug, an overcoat, undercoat and vest. The circumstances under which the theft is alleged to have been committed are as follows: The defendant procured an assignment of a chattel mortgage, executed by Ferdinand Pontrichet and wife, covering household furniture, goods and wearing apparel, under which he had a right to enter, as he did, the premises, where the articles were, to get possession of them. The seizure of the mortgaged property was made by the defendant personally, or by those there present with him, acting under his directions. It was proved that he either took or caused to be taken away, other articles than those described in the mortgage and those already named, which he was charged with stealing, but such articles were returned by the defendant after he had been arrested and arraigned in the Police Court. The evidence bearing upon the taking of the articles in question, was of such a character as to support the finding of the jury that he did take them. With much elaboration and perfect fairness the court submitted to the jury the question of intent, and they having passed upon it adversely to the defendant, and upon evidence sufficient to sustain the finding, their verdict is conclusive. (*Carrington* v. *The People*, 6 Park. 342; *People* v. *McInerney*, 5 N. Y. Cr. Rep. 47.) Indeed the defendant does not contend upon this review that the evidence bearing upon the question of intent was not of such a character as to present a question for the jury. His view seems to be that under the evidence the only crime of which defendant should have been convicted was that of petit larceny. In support of this position he insists that the traveling rug was included in the chattel mortgage, leaving but three second-hand articles, which he claims were of less value than twenty-five dollars. The difficulty with his contention is twofold: (1) There is evidence that the rug in dispute was not included in the articles covered by the mortgage, and whether it was, therefore, was a question for the jury and it was submitted to them by the court in a manner wholly unobjectionable. Under this state of the record it would be assumed in support of the judgment that the jury found the fact to be as claimed by the evidence on the part of the People. (2) If it could be held that the jury did not find or had no right to find that the defendant took the rug, still the evidence as to the value of the other three articles is of such a character as to sustain the verdict. The evidence adduced on behalf of the People was that the four articles were worth fifty-four dollars, but the court was careful not only in its charge to the jury in the first instance, but later on and in response to their request for further instructions, to inform them that they were not bound by the valuation placed upon the articles by the People's witnesses, but could judge of the value for themselves, at the same time directing their attention sharply to the importance of such determination to the defendant, pointing out with perfect clearness that defendant could not be convicted of any graver offense than that of petit larceny should they find the value of the articles to be twenty-five dollars or less. With such instructions in mind the jury reached the conclusion that the articles stolen were of greater value than twenty-five dollars, and rendered their verdict accordingly. With that determination, in the light of the evidence bearing upon the question of value, this court cannot interfere. No other questions are presented by the appellant. The judgment rendered upon the verdict of conviction should be affirmed. Van Brunt, P. J., and Follett, J., concurred.